**Tyrone Vaughn HENRY,
Plaintiff–Appellant,**

v.

**RAYCOM MEDIA, INC., an Alabama Corporation, Defendant–Appellee.**

No. 05–16931.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

R.App. P. 34(a)(2).

Tyrone Henry, Florence, AZ, pro se.

Mary Bridget McMullen, Esq., Philip R. Higdon, Esq., Perkins Coie Brown & Bain PA, Phoenix, AZ, for Defendant–Appellee.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Tyrone Vaughn Henry appeals pro se from the district court's judgment dismissing as time-barred his action alleging defamation, negligence, and invasion of privacy. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal on statute of limitations grounds, *Johnson v. California,* 207 F.3d 650, 653 (9th Cir.2000) (per curiam), and we affirm.

The district court properly dismissed Henry's action because his claims stem from the June 10, 2000, and February 21, 2001 television broadcast, and subsequent posting on the television station's website, of a news story about him, and Henry did not file his complaint until October 5, 2004. *See* A.R.S. § 12–542 (statute of limitations for negligence and invasion of privacy is two years).

Henry's contention that the discovery rule should apply to toll the statute of limitations fails because Henry admits that the television broadcasts reached all of the residents of Southern Arizona and the internet postings were accessible by any member of the public for free. *See, e.g., Clark v. AiResearch Mfg. Co.,* 138 Ariz. 240, 673 P.2d 984, 986–87 (1983) (discovery rule to be applied where a broadcast or publication is transmitted in a manner likely to be concealed from the plaintiff).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

